IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WAYNE REED OGDEN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S APPEAL OF DETENTION ORDER<br><br><br><br><br><br>Case No. 2:07-CR-900 TS |

   This matter comes before the Court on Defendant's Appeal to Order of Detention.[1]  For the reasons stated below, Defendant's appeal is granted and Defendant will be released pending resolution of this matter.

I.   BACKGROUND

   On December 12, 2007, the defendant was indicted in a twelve count indictment for three counts of mail fraud, in violation of 18 U.S.C. § 1341, and nine counts of wire fraud, in violation of 18 U.S.C. § 1343.[2]  The Indictment alleged that the defendant was involved in a fraudulent investment scheme, involving a Colorado property known as the "Kiowa property," beginning in

---

   [1]Docket No. 9.

   [2]Docket No. 1.

about January 2002 and continuing until about January 2003.

This matter came before the Magistrate Judge for an evidentiary detention hearing on December 26, 2007. At that hearing, the Magistrate Judge found that the defendant did not appear amenable to supervision, and the defendant's violation of specific requirements of parole constituted a risk of danger to the community. The defendant was ordered detained pending resolution of this matter. The defendant filed this appeal.

## II.   STANDARD

Local rule 57-16(a)(1) provides that "[a]ny party is entitled to appeal a magistrate judge's order releasing or detaining a defendant under 18 U.S.C. §§ 3143 et. seq." This Court's review of the detention order is to be conducted *de novo*.[3]

In making its determination, this Court is governed by the standards set forth in § 3142.[4] Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[5]

The Court looks to factors set forth in 18 U.S.C. § 3142(g) "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." Those factors include the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger posed by the person to the community

---

[3] *Id*.

[4] 18 U.S.C. § 3142.

[5] 18 U.S.C. § 3142(b), (c), and (e).

upon release.

### III.   ANALYSIS

Based upon the testimony and evidence received at the hearing, and having reviewed the Magistrate Judge's detention order *de novo*, the Court finds that a combination of conditions will reasonably assure the safety of the community, therefore, the defendant will not be detained.

The nature of the charged offense, while serious, is a white-collar crime.  The defendant has no history of violence.  The weight of the evidence is substantially against the defendant.  The history and characteristics of the defendant argues in favor of detention, because defendant has a long history of engaging in economic crimes when relieved of direct supervision and incarceration.  The defendant poses an economic, not physical, danger to the community.  While evidence was presented that the defendant may exhibit a pattern of flight and may have access to funds for such purpose, he has always surrendered to the authorities in the past and has substantial contacts with this jurisdiction such that the Court is persuaded that the defendant does not pose a significant flight risks.

Upon weighing all the above, with special emphasis on the presumption of release, the Court finds that properly conditioned, the defendant will appear as required and his risk to the community can be controlled.  The Court orders the defendant released pending resolution of this matter.

In consideration of the least restrictive conditions necessary to reasonably assure the appearance of the defendant and the safety of the community, the Court imposes the following conditions on the defendant:

1) Will submit to third-party custody arrangement in which his parents act as custodians;

2)   Will maintain residence at parents' home in Koosharem, Utah, and will not change his residence without prior permission of Pretrial Services;

3)   May not leave Koosharem, Utah without prior permission of Pretrial Services;

4)   Shall submit to being monitored via a global positioning system receiver at all times;

5)   Shall not access a computer or the Internet;

6)   Shall maintain or actively seek employment that does not involve financial dealings;

7)   Shall obtain approval from Pretrial Services prior to accepting any employment opportunities;

8)   Shall not open or attempt to open new lines of credit and submit to regular credit checks by Pretrial Services;

9)   Will not be permitted to make long-distance phone calls, except for communications with his attorney or his attorney's investigator and his family members in the Davis County area, as supervised by parents;

10)  Shall have no access to a cellular phone;

11)  Will report to Pretrial Services as directed;

12)  Will refrain from possessing a firearm, destructive device, or any other dangerous weapon;

13)  Shall obtain no passport; and

14)  Will abide by state parole agreement.

## IV.   CONCLUSION

Having reviewed the Magistrate Judge's decision *de novo*, the Court finds that Defendant

should be released pending trial, subject to the conditions listed above.  It is therefore

    ORDERED that Defendant's Appeal of Detention Order (Docket No. 9) is GRANTED.

The Defendant is ordered released under the conditions outlined above.

    DATED   February 8, 2008.

                BY THE COURT:

                 _____
                 TED STEWART
                 United States District Judge